UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No. _____

---

Melissa Lynn Hill,

                      Plaintiff,

vs.                               **VERIFIED COMPLAINT**

Sheriff Richard Stanek,
Deputy C.C. Sedesky, Badge #458,         <u>JURY TRIAL DEMANDED</u>
Deputy J. Steffens, Badge #589,
Security Officer Busch, Badge #141,
Kirk Simmons, Bill Columbien,
County of Hennepin, and
John Doe and Jane Roe
(whose true names are unknown),

                      Defendants.

---

Plaintiff Melissa Lynn Hill, for her Complaint against Defendants, states and alleges as follows:

## I.  INTRODUCTION

1. This is a civil rights action for declaratory and injunctive relief and money damages based on Defendants' improperly banning her from the Hennepin County Government Center and the area surrounding it, a public building and traditional public forum, and falsely arresting her for her legitimate presence near the property, all in violation of her constitutional rights.

2. Plaintiff's causes of action include the Reconstruction Civil Rights Act of 1871, 42 U.S.C. § 1983, based on violations of her federal constitutional rights,

including but not limited to the First, Fourth, Fifth and Fourteenth Amendments.

## II.  JURISDICTION AND THE PARTIES

3.    Plaintiff's causes of action include federal statutory civil rights claims pursuant to 42 U.S.C. § 1983, and thereby give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.    Plaintiff Melissa Lynn Hill is a resident of Hennepin County, Minnesota.

5.    Defendant Richard Stanek is and was at all relevant time hereto the Hennepin County Sheriff.  Upon information and belief, he ordered Plaintiff's arrest on October 15, 2011.

6.    Defendant C.C. Sedesky is and was at relevant times hereto a Hennepin County deputy sheriff.  He arrested, detained and book Plaintiff into jail on October 15, 2011.

7.    Defendant J. Steffens is and was at relevant times hereto a Hennepin County deputy sheriff.  He participated in the arrest, detention and booking Plaintiff into jail on October 15, 2011.

8.    Defendant Busch is and was at relevant times hereto, upon information and belief, a security office employed by Hennepin County.  He issued a trespass notice to Plaintiff on October 13, 2011 which barred her from all government center property without any explanation, justification or opportunity for adequate due

process.

9.      Defendant Kirk Simmons is and was at relevant times hereto a security manager for Hennepin County.  Upon information and belief, he is responsible for carrying out Hennepin County's policies regarding trespass and upholding the trespass order against Plaintiff.

10.      Defendant Bill Columbien is and was at relevant times hereto security operations manager for Hennepin County.  Upon information and belief, he is responsible for preparing or carrying out Hennepin County's policies regarding trespass.

11.      Defendant County of Hennepin is a municipal corporation in the State of Minnesota.

12.      Defendants John Doe and Jane Roe, whose true names are unknown, are employees of Hennepin County and/or the Hennepin County Sheriff who have been responsible for violating Plaintiff's rights in connection with incidents described in this Complaint.

13.      All individual defendants named above are being sued in both their personal and official capacities.  At all times relevant hereto, all individual defendants were acting under color of state law.

### III.  FACTUAL BACKGROUND

14.      Plaintiff Melissa Lynn Hill is a political activist and legal worker. Her activities have included initiating a satirical political campaign against Defendant

Sheriff Richard Stanek called "Kitten for Sheriff." She frequently attends court hearings at the Hennepin County Government Center. Plaintiff Hill had frequently attended the "Occupy Minnesota Protest" during early October, 2011 because of her support of its positions. She has at times made political statements by drawing them on public property with chalk that can be easily washed off.

15.     The Hennepin County Government Center is a large public building that occupies two full city blocks in downtown Minneapolis which contains numerous public courtrooms, court offices, county administrative offices, and many public services provided by the state and county. There is a large public atrium on the second floor which can serve as a public gathering place. There are also large open public plazas on the north and south sides of the building. The public plazas also frequently serve as public gathering places. At the time of the incidents described in this Complaint, as well as at present, there is a continuous political protest taking place on the Government Center's plazas called "Occupy Minnesota." This protest is part of a national movement objecting to the extreme unequal concentration of wealth in the United States, and the corrupt domination of wealth and power by a small group of persons and corporations.

16.     On October 13, 2011, Plaintiff was at the Government Center Plaza in support of the Occupy Minnesota action. During this time, Hennepin County Government Center security guards, including Defendant Busch, handed Plaintiff a "Trespass Notice." The trespass notice banned Plaintiff from the Hennepin County

4

Government Center, including "building, parking lot, grounds or other property" for 365 days. The notice stated that if Ms. Hill returned to the property, she would be arrested and charged with a crime. There was no explanation of any sort on the trespass notice as to why Plaintiff was being banned from the government center area. The security staff did not provide any sort of hearing or due process before banning Plaintiff from this entire public area. The only remedy provided was a notation on the bottom of the trespass notice that she could contest the notice by writing to the security manager.

17.     On October 15, 2011, at around 5 pm, Plaintiff was standing on the public sidewalk to the south of the Hennepin County Government Center plaza. The sidewalk was adjacent to the street. Plaintiff was present to observe a demonstration taking place in connection with Occupy Minnesota. She was serving as a "Legal Observer" for the National Lawyers Guild, a role which consists of observing protests in order to witness and document any violations of the rights of political demonstrators. Plaintiff was wearing a green cap that stated, "NLG Legal Observer" on the front.

18.     While Plaintiff was observing the OccupyMN protest from the sidewalk, Hennepin County Government Center security guards approached Ms. Hill and told her she had been trespassed from the property and could not enter the grounds. Ms. Hill pointed out that she was not on the Government Center Property and had a right to be on the sidewalk. The security guard agreed with Plaintiff that she was not trespassing on the Government Center property at that time.

19.    During Plaintiff's discussion with the security guard where he agreed she was not trespassing, Defendant Deputy C.C. Sedesky suddenly approached Plaintiff and told her she was under arrest.  Defendant Sedesky and Defendant Deputy J. Steffens then escorted Plaintiff into a tunnel underneath the Government Center, placed her in handcuffs and booked her into jail.  Plaintiff had to spend approximately seven hours in the Hennepin County Jail before jail staff released her on bail.  She was charged with the crime of trespass in violation of state law.

20.    Defendant Sheriff Richard Stanek was observing Plaintiff standing on the Government Center sidewalk from his vehicle on October 15, 2011 before and during her arrest.  Upon information and belief, it was Stanek who ordered that Plaintiff be arrested.

21.    Plaintiff was forced to obtain counsel and appear in court to defend herself against the false charge of trespass.  At the second court appearance, the prosecutor dismissed the charge.

22.    Defendants lacked any probable cause or arguable probable cause to believe Plaintiff had committed any crime.

23.    On November 18, 2011, Plaintiff, through her counsel, contested her trespass notice in the manner provided on the trespass notice, by sending a letter addressed to the security manager.  The letter stated that there was no legitimate basis to bar Plaintiff from the public property in question, that the notice was impermissibly vague

by failing to state any basis for barring Plaintiff from the property, and that the action of banning from her property violated her constitutional rights to free speech and due process.

24.    Defendant security manager Kirk Simmons responded to Plaintiff's letter contesting the trespass notice in a memorandum dated November 23, 2011, upholding the November 23, 2011 trespass notice as well as a prior trespass notice allegedly issued on April 21, 2011.  This summary decision did not provide any opportunity for Ms. Hill to be heard, and provided no opportunity for further administrative remedies or appeal.

25.    The alleged April 21, 2011 trespass notice, which was actually issued on April 12, 2011, also failed to provide any explanation or authority for banning Plaintiff from the Government Center, and did not provide any sort of appeal remedy.  It listed the address of the Government Center but did not indicate whether it applied to the building or surrounding property, both or neither.

26.    As a result of Defendants' above-described actions, Plaintiff has suffered and continues to suffer harm and damage, including but not limited to denial of her individual and constitutionally guaranteed liberties, mental distress, embarrassment and humiliation, harm to her reputation, loss of liberty, and other damages in an amount to be determined.

## IV.  CAUSES OF ACTION

### COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - - FOURTH AMENDMENT -- UNLAWFUL ARREST AND DETENTION.

27.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 26 of this Complaint.

28.     Defendants, acting under color of state law, deprived Plaintiff Melissa Lynn Hill of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fourth Amendment protections against unreasonable seizures by arresting and detaining Plaintiff  without any probable cause or arguable probable cause to believe she had committed any crime.

29.     As a result of Defendants' above-described violations of Plaintiff's rights, Plaintiff  has suffered the damages described in Paragraph 26 of this Complaint. Plaintiff further requests declaratory and injunctive relief to prevent Defendants from continued similar violations in the future where she is detained or arrested for presence on a public sidewalk or for exercising her rights of freedom of speech or association.

### COUNT 2 - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT.

30.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 29 of this Complaint.

31.     Defendants, acting under color of state law, deprived Plaintiff Melissa Lynn Hill of her rights, privileges and immunities secured by the Constitution

and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of her First Amendment Rights to Free Speech and Free Association by banning her from public property that serves as a traditional public forum, by banning her from public property that is the site of ongoing public protest in which Plaintiff desires to and is entitled to participate, by banning her from public property which houses the public courts and other public services, by banning Plaintiff from public property in retaliation for exercising her right to free speech and expression, by arresting and detaining and falsely charging Plaintiff with a crime in retaliation for her exercise of free speech, expression, and association, and by otherwise discriminating and retaliating against her for exercising her basic and fundamental rights to engage in free expression including the rights to criticize a public official, make political statements, and participate and observe political protests.

32.   As a result of Defendants' above-described violations of Plaintiff's Rights, Plaintiff has suffered the damages described in Paragraph 26 of this Complaint. Plaintiff further requests declaratory and injunctive relief to immediately prevent Defendants from continued violations of Plaintiff's First Amendment Rights by banning her from public property that is open to the public and serves as a traditional public forum, or detaining or arresting her for exercising her rights of freedom of speech or association.

## COUNT 3 - VIOLATION OF 42 U.S.C. § 1983 - DUE PROCESS

33.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 32 of this Complaint.

34.     Defendants, acting under color of state law, have deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by committing acts in violation of the Fifth and Fourteenth Amendment protections against the taking of life, liberty and property without due process of law, including but not limited to banning Plaintiff from public property that serves as a traditional public forum and is open to the public without providing any specific explanation or evidence or citing any legal violation, and without any avenue, mechanism or process to adequately determine whether Plaintiff has committed any violations of law or specific wrongdoing justifying such action, or which provides Plaintiff with any adequate opportunity to be heard.

35.     As a result of Defendants' above-described violations of Plaintiff's Rights, Plaintiff  has suffered the damages described in Paragraph 26 of this Complaint. Plaintiff further requests declaratory and injunctive relief to immediately prevent Defendants from continued violations of Plaintiff's Due Process Rights by banning her from public property that is open to the public and serves as a traditional public forum without providing specific notice of her alleged violations of law or an adequate opportunity to be heard.

**COUNT 4 - VIOLATION OF 42 U.S.C. § 1983 - FAILURE TO TRAIN AND SUPERVISE**

36.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 35 of this Complaint.

37.     Defendants, acting under color of state law, have deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by failing to properly train and supervise other Defendants with to respect the constitutional and other rights of Plaintiff and members of the public, including but not limited to the rights to free speech, due process, and to be free from unlawful arrest and detention.

38.     As a result of Defendants' failure to train and supervise, Plaintiff has suffered the damages described in Paragraph 26 of this Complaint.  Plaintiff further requests declaratory and injunctive relief necessary to end said violations.

**COUNT 5 - VIOLATIONS OF 42 U.S.C. § 1983 - UNCONSTITUTIONAL CUSTOM OR PRACTICE**.

39.     Plaintiff hereby realleges and incorporates by reference all of the facts and allegations contained in paragraphs 1 through 38 of this Complaint.

40.     Defendants, by their above-described actions,  have deprived Plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, by engaging in policies, customs or practices of disregarding the rights of Plaintiff and others to free speech, due process, and

11

unlawful seizures.

41.     As a result of Defendants' unconstitutional policies, customs and practices, Plaintiff has suffered the damages described in Paragraph 26 of this Complaint. Plaintiff further requests declaratory and injunctive relief necessary to end said violations.

## V.  RELIEF REQUESTED

WHEREFORE Plaintiff prays for Judgment in her favor as follows:

1.  Granting Declaratory judgment in favor of Plaintiff by declaring all of Defendants' violations of Plaintiff's rights.

2.  Granting injunctive relief prohibiting Defendants and their agents from continuing to violate Plaintiff's rights.

3.   Granting a preliminary or temporary injunction requiring Defendants to immediately revoke their trespass notices to Plaintiff and allow Plaintiff to enter the Government Center building and surrounding property without interference or harassment from Defendants or their agents.

4.   Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally as and for compensatory damages.

5.   Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally as and for punitive damages.

6.   Hold Defendants joint and severally liable for Plaintiff's judgment.

7.   Awarding Plaintiff all of her costs and disbursements herein, and prejudgment

interest.

8.     Awarding Plaintiff reasonable attorney fees pursuant to 42 U.S.C. § 1988.

9.     Such other and further relief as the Court may deem just and proper.


Dated:  December 7, 2011             LAW OFFICE OF JORDAN S. KUSHNER


By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Plaintiff
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545


## VERIFICATION

I, MELISSA LYNN HILL, state that I have reviewed the Verified Complaint and believe the factual allegations to be true and correct based on my knowledge, information, and belief. To the extent this Verification is based on my information and belief, I believe such information to be true.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on this __7th__ day

of December__, 2011.

 s/Melissa Lynn Hill
Melissa Lynn Hill